George Foxson, Plaintiff, *v.* Elmus Building Corporation et al., Defendants; August Kneher, Appellant, and J. P. Duffy Company et al., Respondents.

Argued September 27, 1937; decided November 23, 1937.

*Jacob Leiman* for appellant. The mortgage of the appellant does not contravene section 7 of article 2 of the Lien Law (Cons. Laws, ch. 33). (*Rukeyser* v. *Fountain & Choate, Inc.*, 185 App. Div. 263; *Hudson River Blue Stone Co.* v. *Huntington*, 143 App. Div. 99; *American Clay & C. Corp.* v. *Rochester F. Box Co.*, 171 N. Y. Supp. 720; *Albany Builders Supply Co.* v. *Standard Building Corp.*, 264 N. Y. 579; *Buffalo Farm Exchange, Inc.*, v. *Heinz*, 235 App. Div. 277; *Vulcan Rail & Construction Co.* v. *Westchester County*, 250 App. Div. 212; *Behrer* v. *McMillan*, 114 App. Div. 450; 191 N. Y. 530.)

*Charles A. Van Patten, Sol Ringel, Jacob Carr, Lowell M. Birrell* and *Harold Mokotoff* for respondents. The appellant's mortgage is void in that it violates section 7 of article 2 of the Lien Law. (*Horton* v. *Queens County Machinery Corp.*, 101 Misc. Rep. 31; 182 App. Div. 932; *Kane* v. *Kinney*, 174 N. Y. 69; *Crane Co.* v. *Pneumatic Signal Co.*, 94 App. Div. 53; *Buffalo Farm Exchange, Inc.*, v. *Heinz*, 235 App. Div. 277.)

O'BRIEN, J. The application of section 7 of the Lien Law (Cons. Laws, ch. 33; as amd. by Laws of 1932, ch. 627) to the facts herein requires our decision.

In this action to foreclose a first mortgage by plaintiff Foxson against premises owned by defendant Elmus Building Corporation, a surplus remained. The respondents are lienors and the appellant Kneher is the holder

of a second mortgage. All the lienors respondent, except Union Tile Supply Corporation, furnished material or performed labor on the mortgaged premises prior to August 19, 1935, and on that date each possessed a claim on account of the improvement of the real property. On July 24, 1935, appellant Kneher and Elmus Building Corporation, the owner of the mortgaged premises, entered into a contract whereby appellant agreed to provide all the materials and perform all the work for the installation of the plumbing and heating. This contract includes a provision in the nature of a conditional sale whereby the parties agree that the entire apparatus shall remain personal property and that title shall remain in appellant Kneher until these chattels shall be fully paid for in cash. Appellant, not content with the security afforded by the agreement of July 24, 1935, obtained a mortgage dated August 19, 1935, and recorded August 20, 1935, as further security. The first item of labor performed and material furnished by appellant was October 1, 1935. Although other lienors supplied material and performed labor prior to the execution of the agreement of July 24, 1935, and the mortgage of August 19, 1935, no notice of lien was filed by any of them earlier than December 21, 1935.

Section 7 of the Lien Law (as amd. by Laws of 1929, ch. 515, § 2, and Laws of 1932, ch. 627, § 3) provides: " A conveyance, mortgage, lien or incumbrance made by an owner of real property, *for the purpose of avoiding the provisions of this article*, with the knowledge or privity of the person to whom the conveyance is made or in whose favor the mortgage, lien or incumbrance is created, shall be void and of no effect as against a claim on account of the improvement of such real property, existing at the time of the making of the conveyance or the creation of such mortgage, lien or incumbrance." This part of the statute is not directed exclusively against transactions in which may be involved evil, sinister, fraudulent intent.

The finding by the courts below is that this appellant has not been guilty of any of these forms of moral turpitude. The statute was enacted to prevent an avoidance of any of the provisions of article 2 of the Lien Law. Included within this article is section 13 (as amd. by Laws of 1929, ch. 515, § 2), which provides that " persons shall have no priority on account of the time of filing their respective notices of liens, but all liens shall be on a parity " (subd. 1), with stated exceptions not here pertinent. If appellant had conformed with the Lien Law and filed a notice of lien for material and labor he would have been on a parity with those lienors who furnished material and performed labor prior to the time of the rendition of his services. By the contract of July 24th he had retained title to the chattels delivered by him to the owner of the building, and the only reasonable inference of fact to be drawn from his act in taking the mortgage of August 19th is that his purpose was to attempt to take precedence over those who already possessed claims and thus to avoid the provisions of the statute.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.